**SO ORDERED.**

**SIGNED this 22 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

    WILLIAM T. ELROD, JR.,

        Debtor.                                  Case No. 06-03923-8-JRL
                                                                         Chapter 7

_____

**ORDER**

This matter is before the court on the "Motion for Relief from Automatic Stay (Confirming Not in Effect)" filed by Wheel Estates, Inc. ("Wheel Estates"). On March 14, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

In May 1997, the debtor and his wife leased a mobile home lot located at Hidden Lakes Mobile Home Park from Wheel Estates. After separation from his wife, the debtor resided on the premises by himself. On August 3, 2006, Wheel Estates terminated the lease by written notice for failure to comply with the terms of the lease. On October 16, 2006, Wheel Estates filed a summary ejectment proceeding against the debtor. On August 10, 2006, a magistrate judge in New Hanover County entered an order in favor of Wheel Estates, whereby the court ordered the debtor to vacate

the subject premises and pay $331.67 to Wheel Estates. The debtor appealed the order. On October 19, 2006, the New Hanover County District Court entered a consent judgment. Pursuant to the consent judgment, the debtor was ordered to: (1) remove a Volvo automobile and school bus off the leased premises within fifteen days of entry of the order; (2) pay the November 2006 rent of $215.00 to the Clerk of Superior Court by November 3, 2006; and (3) vacate the leased premises, including the removal of all personal property such as the mobile home, by Nov. 30, 2006. All funds deposited by the debtor to the Clerk of Superior Court were to be distributed to Wheel Estates. The court further ordered that the debtor be removed from the premises and that Wheel Estates be put in possession of the premises by December 1, 2006.

The debtor failed to abide by the consent judgment and remained on the premises. On November 30, 2006, the deadline for vacating the premises under the consent judgment, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. Wheel Estates asserts that the debtor has no property rights in the leased premises and, therefore, the automatic stay under 11 U.S.C. § 362 is inapplicable. Alternatively, Wheel Estates moves for relief from the automatic stay.

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, there is an exception to the automatic stay that allows a landlord of residential property to continue proceedings to eject a tenant where the landlord obtained a judgment for possession of such property against the debtor before the date of the bankruptcy filing. 11 U.S.C. § 362(b)(22). This exception will not apply if the debtor meets the requirements for a post-judgment cure under § 362(l). In order to avoid the exception to the automatic stay under § 362(b)(22), the debtor must file a certification along with his petition and serve it upon the lessor stating under penalty of perjury that: (1) the applicable non-bankruptcy law in the jurisdiction allows for post-judgment cure; and (2) the debtor has deposited

2

with the clerk of court any rent that would become due during the 30-day period after the bankruptcy filing. 11 U.S.C. § 362(l)(1)(A) and (B). The debtor must file with the court and serve upon the lessor a further certification under penalty of perjury stating that he has cured the entire monetary default that gave rise to the judgment. 11 U.S.C. § 362(l)(2). A lessor may object to these certifications. 11 U.S.C. § 362(l)(3). Because the debtor did not file and serve the requisite certifications under § 362(l), it is not necessary for the court to entertain whether a post-judgment cure is applicable under North Carolina law.

Based on the foregoing, Wheel Estates' motion is allowed. The court finds that the automatic stay is not in effect as to Wheel Estates, as Wheel Estates obtained a judgment for possession of the property prior to the debtor's bankruptcy filing. 11 U.S.C. § 362(b)(22).

**So ordered.**

END OF DOCUMENT